IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:93CR216-MU

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | |
|     Plaintiff, ) | | |
| ) | | |
|    v. ) | | ORDER |
| ) | | |
| VINCENT BEST, ) | | |
|     Defendant. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on the defendant's so-called "Petition [F]or Clarification Determination," filed August 16, 2006.

The procedural history of this case is long and protracted, and will not be fully recounted in this Order. Relevant to the instant Petition, the record shows that on November 2, 1993, the defendant was named in a Superceding Bill of Indictment which charged him with conspiring to possess with intent to distribute, and to distribute quantities of cocaine and cocaine base, all in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); and it charged him with possessing certain property which was subject to criminal forfeiture due to his unlawful drug dealing (Count Three).

On December 15, 1993, the defendant entered a Plea Agreement with the government whereby he agreed to plead guilty to the foregoing charges. By the terms of that Agreement, the defendant

also expressly stipulated to numerous matters, including the amount of cocaine base for which he could be held accountable; and the fact that he was waiving his appellate rights and certain rights to collateral review.

After entering into his Plea Agreement, the Court conducted a Rule 11 proceeding during which the defendant tendered his guilty pleas. Eventually, on September 23, 2004, the Court held the defendant's Factual Basis & Sentencing Hearing. On that occasion, the defendant declined to challenge any of the matters set forth in his Pre-Sentence Report. In fact, during a lengthy statement to the Court, the defendant conceded that he had "done wrong," he said he was "'fessing up to his wrongdoing," he said he "ha[d] to accept responsibility for what [he] ha[d] been involved in . . . ," and he asked the Court for lenience.

Next, after reviewing the defendant's Pre-Sentence Report, the Court concluded that his Total Offense Level was 42; that the defendant's Criminal History Category was II; and that the defendant was exposed to a corresponding range of 360 months to life imprisonment. The Court ultimately sentenced the defendant to a term of life imprisonment.

The Court's Judgment was filed on September 28, 1994, and the defendant did <u>not</u> timely give his notice of appeal. He also was unsuccessful in seeking an extension of time in which to file an appeal. Nevertheless, on September 14, 1995, the defendant

filed a belated Notice of Appeal with the Fourth Circuit Court of Appeals, which appeal ultimately was dismissed as untimely. The defendant also had an unsuccessful Motion to Vacate in this Court, which Motion was rejected by Order of November 1, 1999.

Next, after an unsuccessful attempt to file a successive Motion to Vacate, in January 2004, the defendant began to file a series of documents in this Court, all with the purpose of having his sentence drastically reduced. One such document was the defendant's Petition for Reduction of Sentence under 18 U.S.C. §3582(c). That Petition was grounded in the assertion that the defendant was entitled to a reduced sentence due to the post-sentencing Guidelines Amendment which lowered the offense level for crime for which he had been convicted.

Although the government opposed that request, after careful consideration of the matter, this Court concluded that a reduction was appropriate. In particular, the Court determined that in light of several factors, including Amendment 505 and the corresponding Guidelines considerations, it had the authority to grant a reduction; and that but for the fact that the Amendment took effect a mere 39 days after the defendant was sentenced, he would not even have been exposed to the life sentence which he received. Therefore, on July 31, 2006, the Court entered an Order by which it granted the defendant's request in part, applied the amended Guidelines range, and reduced his sentence from

3

life imprisonment to a 360-month term.

Now, apparently intoxicated by his success, the defendant has filed the instant Petition by which he purports to be seeking "clarification" on certain matters. However, the defendant's Petition puts forth great effort--albeit unsuccessfully, to either introduce or rehash various arguments relating to why his Pre-Sentence Report should not have been relied upon by the Court and why his Sentencing Hearing was invalid. In addition, and almost as an aside, the defendant sets forth a "six-part question" by which he appears to be inquiring about the information upon which the sentencing Court relied in calculating his sentence.

Suffice it to say, however, for numerous obvious reasons--including those which were cited in the Court's 1999 denial of the defendant's Motion to Vacate--he simply is not entitled to now challenge his sentencing proceedings. In sum, the Court finds that the questions raised in the defendant's Petition are irrelevant; therefore, the instant Petition is hereby **DENIED**.

**SO ORDERED.**

Signed: August 17, 2006

Graham C. Mullen
United States District Judge