IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV298-MU
3:93CR216-MU

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **VINCENT BEST,** ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's document captioned as a "Petition To Correct Illegal Sentence 28 U.S.C. 2255 And Stay Proceeding," filed June 23, 2008. For the reasons stated herein, the Petition will be denied and dismissed.

Petitioner is no stranger to this Court as he has, over the past nearly 14 years since his September 1994 conviction, filed numerous pro-se motions, seeking various remedies and reconsideration--only one of which was partially successful. Indeed, the Court previously set out the lengthy procedural history of this case in its Order of July 31, 2006. (See Case 3:93CR216-3, document # 89). That Order, which addressed Petitioner's numerous and sundry motions for relief, partially granted his motion for a sentence reduction under 18 U.S.C. § 3582(c) due to Amendment 505 of the U.S. Sentencing Guidelines. Amendment 505 eliminated the highest level of the Drug Quantity Table as set forth under U.S.S.G. § 2D1(c), thereby reducing by two the offense level of

the conspiracy offense for which Petitioner stood convicted.  In
light of that reduction and the other relevant factors, the Court
vacated Petitioner's life sentence and entered a sentence of 360
months imprisonment.  The Court's Amended Judgment was filed on
August 7, 2006.  (Id., document # 90).

Notwithstanding his current unsubstantiated assertion, there
is no indication that Petitioner ever has appealed this Court's
Amended Judgment.  Rather, the records show that after the Court
entered that Amended Judgment, on August 16, 2006, Petitioner
filed a document captioned as a "Petition for Clarification
Determination," purporting to seek clarification for the grounds
upon which the Court imposed its Amended Judgment.  (Id., document # 91).  However, Petitioner's Petition for Clarification was
denied by Order of August 17, 2006.  (Id., document # 92).

Then, after nearly a six-month delay, Petitioner attempted
to appeal the denial of his Petition for Clarification.  (Id.,
document # 94).  However, the Fourth Circuit Court of Appeals
ultimately dismissed that appeal as untimely filed and denied
Petitioner's request for rehearing and rehearing en banc.  See
United States v. Best, No. 07-6334, slip op. at 2 (4th Cir. June
22, 2007); see also 3:93CR216-3, document # 104: Fourth Circuit
Mandate, filed August 29, 2007)

In the meantime while his appeal of the denial of his
Petition for Clarification was pending, on August 20, 2007,

the conspiracy offense for which Petitioner stood convicted.  In
light of that reduction and the other relevant factors, the Court
vacated Petitioner's life sentence and entered a sentence of 360
months imprisonment.  The Court's Amended Judgment was filed on
August 7, 2006.  (Id., document # 90).

Notwithstanding his current unsubstantiated assertion, there
is no indication that Petitioner ever has appealed this Court's
Amended Judgment.  Rather, the records show that after the Court
entered that Amended Judgment, on August 16, 2006, Petitioner
filed a document captioned as a "Petition for Clarification
Determination," purporting to seek clarification for the grounds
upon which the Court imposed its Amended Judgment.  (Id., document # 91).  However, Petitioner's Petition for Clarification was
denied by Order of August 17, 2006.  (Id., document # 92).

Then, after nearly a six-month delay, Petitioner attempted
to appeal the denial of his Petition for Clarification.  (Id.,
document # 94).  However, the Fourth Circuit Court of Appeals
ultimately dismissed that appeal as untimely filed and denied
Petitioner's request for rehearing and rehearing en banc.  See
United States v. Best, No. 07-6334, slip op. at 2 (4th Cir. June
22, 2007); see also 3:93CR216-3, document # 104: Fourth Circuit
Mandate, filed August 29, 2007)

In the meantime while his appeal of the denial of his
Petition for Clarification was pending, on August 20, 2007,

the conspiracy offense for which Petitioner stood convicted.  In light of that reduction and the other relevant factors, the Court vacated Petitioner's life sentence and entered a sentence of 360 months imprisonment.  The Court's Amended Judgment was filed on August 7, 2006.  (Id., document # 90).

Notwithstanding his current unsubstantiated assertion, there is no indication that Petitioner ever has appealed this Court's Amended Judgment.  Rather, the records show that after the Court entered that Amended Judgment, on August 16, 2006, Petitioner filed a document captioned as a "Petition for Clarification Determination," purporting to seek clarification for the grounds upon which the Court imposed its Amended Judgment.  (Id., document # 91).  However, Petitioner's Petition for Clarification was denied by Order of August 17, 2006.  (Id., document # 92).

Then, after nearly a six-month delay, Petitioner attempted to appeal the denial of his Petition for Clarification.  (Id., document # 94).  However, the Fourth Circuit Court of Appeals ultimately dismissed that appeal as untimely filed and denied Petitioner's request for rehearing and rehearing en banc.  See United States v. Best, No. 07-6334, slip op. at 2 (4th Cir. June 22, 2007); see also 3:93CR216-3, document # 104: Fourth Circuit Mandate, filed August 29, 2007)

In the meantime while his appeal of the denial of his Petition for Clarification was pending, on August 20, 2007,

Petitioner filed a document in this Court captioned as an "Emergency petition for order to show cause. Provide Guidance with at large statute and U.S.S.G. Section. For Sentence Reduction," claiming to be seeking an Order on his request for a downward departure for substantial assistance, which request already was denied by the Court's August 2006 Order. (Case 3:93CR216-3, document # 100). Not surprisingly, therefore, on August 22, 2007, Petitioner's so-called Emergency Petition for a show cause order was denied. (Id., document # 101). On August 29, 2007, Petitioner appealed the denial of his Emergency petition,(Id., document # 102), but this Court's decision was affirmed by the Circuit Court. See United States v. Best, No. 07-7301, slip op. at 2 (4th Cir. Jan. 25, 2008).

Now, Petitioner has returned to this Court with this new de facto motion to vacate arguing that he was subjected to ineffective assistance of counsel; and that this Court erred in determining that he had a prior conviction, in applying a two-level enhancement for an offense which the Government dismissed before sentencing, in determining that the statutory minimum mandatory term was 30 years and in refusing to grant him a three-level reduction for acceptance of responsibility.

Notwithstanding his apparent belief to the contrary, however, this motion must be dismissed. First, it has not escaped the Court's attention that all but one of the matters

3

about which Petitioner is complaining relate to issues which arose in Petitioner's original sentencing proceeding. Accordingly, it appears to the Court that the subject claims are successive and Petitioner should have obtained pre-filing authorization from the Fourth Circuit Court of Appeals before raising those matters here. See 28 U.S.C. § 2244.

More critically, however, Petitioner did not appeal this Court's Amended Judgment. Rather, the appeal to which he refers is of the Court's denial of his Petition for Clarification. Accordingly, because the Court's Amended Judgment became final on August 21, 2006 -- that is, 10 business days after its entry -- Petitioner had up to and including August 21, 2007 by which to collaterally challenge that Judgment. See Fed.R.App.P. 4(b)(1(a). Obviously, however, Petitioner did not file this motion to vacate within the applicable time. Nor has he attempted to offer an excuse for his delay or a basis for having that delay tolled. Indeed, Petitioner merely has relied -- albeit mistakenly -- on his assertion that he appealed this Court's Amended Judgment to the Fourth Circuit Court of Appeals on June 22, 2007 but his "notice of appeal in the [F]ourth [C]ircuit . . . was misplaced."

The Court believes that Petitioner, at best, is mistaken concerning his filing of an appeal on June 22, 2007, because its records show that the only activity which took place in Peti-

tioner's case on that date was the Circuit Court's filing of its Order dismissing of his Appeal of the denial of his Petition for Clarification. (See 3:93CR216-3, document # 97). There simply was no appeal taken for this Court's Amended Judgment. Moreover, even if Petitioner had appealed the Court's Judgment on June 22, 2007, such appeal would have been dismissed as untimely because it was noticed outside the time period set forth in Rule 4 of the Federal Rules of Appellate Procedure. In other words, the instant Petition still would be untimely even under Petitioner's version of the record.

In sum, Petitioner simply is not entitled to proceed on this de facto motion to vacate. Therefore, the same must be denied and dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Petition to Correct Illegal Sentence, construed as his motion to vacate, is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: July 1, 2008

Graham C. Mullen
United States District Judge